UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JESSIE D. MCDONALD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:05-0243 |
| ) | Trauger/Brown |
| PAUL G. SUMMERS, ) | |
| ) | |
| Respondent. ) | |

To: The Honorable Aleta A. Trauger, United States District Judge

REPORT AND RECOMMENDATION

For the reasons stated below, the undersigned RECOMMENDS that: 1) the petitioner's motion for summary judgment (Docket Entry No. 4) be DENIED; 2) this action be DISMISSED WITH PREJUDICE; 3) the petitioner be barred henceforth from raising in this Court – under any legal theory – his 1973 conviction for obtaining property under false pretenses; 4) appropriate monetary sanctions be imposed on the petitioner if he attempts to re-litigate his 1973 conviction in this Court; 5) the petitioner be barred from proceeding *in forma pauperis* in this Court in any future civil action; 6) any future civil action brought by the petitioner in this Court be subject to an initial frivolity review, regardless of any filing fee paid; 7) appropriate monetary sanctions be imposed if the petitioner files any future civil action that is deemed on initial review to be frivolous, malicious, or that fails to state a claim on which relief may be granted; 8) the petitioner be required to show whether he paid the defendants' attorney's fees in Case No. 3:00-1218 as ordered, and if not, that he be barred from filing any civil action in this Court until he shows that the full amount has been paid.

I. INTRODUCTION
AND
BACKGROUND

On March 24, 2005, the petitioner filed a petition for a writ of error *corum nobis* under 28

U.S.C. § 1651, seeking relief from a judgment entered against him in January 1973 by the Criminal Court for Davidson County. (Docket Entry No. 1) This action was referred to the Magistrate Judge on April 4, 2005 for "case management, decision on all pretrail, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1)(A) and (B) and to conduct any necessary proceedings under Rule 72(b), Fed. R. Civ. P." (Docket Entry No. 2)

The petitioner filed a motion for summary judgment on April 13, 2005. (Docket Entry Nos. 4-5) Thereafter, the Magistrate Judge entered an Order directing the petitioner to provide evidence that he had "properly obtained service of process," and if the petitioner showed that process had been served, directing the respondent to "show cause why he ha[d] not filed any type of response to the motion for summary judgment." (Docket Entry No. 7)

On May 12, 2005, the petitioner filed a motion for default judgment. (Docket Entry No. 8) Thereafter, on May 19, 2005, the petitioner filed return of process showing that the respondent had been served on May 16, 2005. (Docket Entry No. 10) The petitioner's motion for default judgment was denied as moot on June 6, 2005, because it had been filed prior to process having been served. (Docket Entry No. 12)

The respondent filed a response to the petition and motion for summary judgment on June 6, 2005. (Docket Entry No. 13) The following documents were filed subsequently: 1) a single statement of material fact, to which the respondent responded (Docket Entry Nos. 14, 18); 2) a motion to file a reply, which was granted (Docket Entry Nos. 15-17); 3) a second motion to file a reply, which also was granted (Docket Entry Nos. 19-21).

### III. ANALYSIS

Petitioner's Motion for Summary Judgment

Summary Judgment is appropriate only where "there is no genuine issue as to any material

2

fact . . . and the moving party is entitled to summary judgment as a matter of law." Rule 56(c), Fed. R. Civ. P., *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Newman v. Federal Express Corp.*, 266 F.3d 401, 404-05 (6th Cir. 2001). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the plaintiff. *Id.* at 249-50. Inferences from underlying facts "must be viewed in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001), *cert. denied*, 534 U.S. 896 (2001).

The respondent argues that, "[a]lthough the Sixth Circuit does not appear to have specifically addressed the question of a defendant's attack of a state court judgment through *coram nobis* in federal court, a number of other circuits have held that such action does not lie." (Docket Entry No. 13, pp. 7-8) The undersigned thinks that the issue is more basic than that. Specifically, the action before the Court is civil in nature, and subsequent to the enactment of rule 60(b), Fed. R. Civ. P., use of the writ was abolished in civil cases. *United States v. Beggerly*, 524 U.S. 38, 45 (1998); *United States v. Norman*, 391 F.2d 212, 213 (6th Cir. 1968); *United States v. Johnson*, 237 F.3d 751, (6th cir. 2001).

Assuming for the sake of argument that Rule 60(b) had not abolished the writ, the petitioner still would not be entitled to the relief sought. Specifically, in *United States v. Norman*, 391 F.2d 212 (6th cir. 1968), the Sixth Circuit stated in dicta that the writ of error *coram nobis* "is sufficient to invoke the jurisdiction of a court to ***set aside its judgment*** of conviction even when sentence has been fully served," *Id.* at 213 (emphasis added), the inference being that the court that entered the

3

judgment has jurisdiction to entertain requests for such extraordinary relief. Although the petitioner would likely argue that *Norman* does not say that no other court can exercise jurisdiction where a writ of error *coram nobis* is at issue, there are ample unpublished opinions in the Sixth Circuit that stand for just such a proposition. *See e.g., McQueen v. Saginaw County*, No. 01-2324, 2002 WestLaw 31379890 * 1 (6th Cir. (Mich.)); *McCants v. State*, No. 99-3910, 2000 WestLaw 876762 * 1 (6th Cir. (Ohio)); *Dillard v. Chandler*, No. 97-5081 57296 * 1 (6th Cir. (Ky.)); *Campbell v. Breck*, No. 96-1811, 1997 WestLaw 211251 * 1 (6th Cir. (Mich.))(all cases holding that "a petition for a writ of error coram nobis must be presented to the court that pronounced judgment over the petitioner"). Although unpublished cases lack the precedential value of published cases, the unpublished cases cited above are Sixth Circuit opinions, and as such, they are deemed to have sufficient indicia of reliability as to the law in the Sixth Circuit.

As reasoned above, it is clear that the petitioner has failed to state a claim on which relief may be granted. Accordingly, the undersigned recommends that the petitioner's motion for summary judgment be denied, and that this action be dismissed.

Petitioner's Prior Litigation<br>Regarding This Issue

Having addressed the substance of the petitioner's claim, the undersigned turns next to the grounds that gave rise to this action. The respondent has cataloged the petitioner's filings in this matter since 1974. (Docket Entry No. 13, Attach. A) It is an incredible list. Even more amazing, however, is that the United States Supreme Court addressed this specific claim, not for the purpose of rendering a decision on the merits, but because of, and in response to, the petitioner's abuse of process with respect to this matter. *See In re Jessie McDonald*, 489 U.S. 180 (1989). In its opinion, the Court wrote:

4

> Since 1971, [the petitioner] has made 73 separate filings with the Court, not including this petition, which is the eight so far this Term. These include 4 appeals, 33 petitions for certiorari, 99 petitions for extraordinary writs, 7 applications for stays and other injunctive relief and 10 petitions for rehearing. Without recorded dissent, the court has denied all of his appeals and denied all of his various petitions and motions.

*Id*. at 180-181 (footnotes omitted). With respect to the issue that is at the heart of this action, the Court noted that:

> In the 13 years since his conviction became final, petitioner has filed numerous petitions and motions for relief in this court and in the Tennessee courts, all of which have been rejected. . . . Petitioner has put forward this same argument – unsuccessfully – in at least four prior filings with the Court . . . .

*Id*. at 183. Observing that, "[a]lthough we have not done so previously, lower courts have issued orders intended to curb serious abuses by persons proceeding in forma pauperis," the Court took the unprecedented step of barring the petitioner prospectively from filing any further extraordinary writs *in forma pauperis*. *Id*. at 184-185.

The undersigned is aware that the petitioner is not proceeding *in forma pauperis* in the instant action. The point is, however, that this issue has been litigated, and re-litigated in both state and federal courts, including the highest court in the land. The petitioner's record of re-litigating this issue *ad nauseum*, and the unprecedented action taken by the Supreme Court in response to his record of abuse, support the conclusion that enough is enough.

The broad doctrine of *res judicata* encompasses both claim preclusion (*res judicata*) and issue preclusion (collateral estoppel). *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). Under claim preclusion, a final judgment on the merits bars any and all claims by the parties

5

or their privies based on the same cause of action, as to every matter actually litigated, as well as every theory of recovery that could have been presented. *Id*.

Having been fully litigated, this issue is subject to the doctrine of *res judicata*. Therefore, it is recommended that the Court enter an Order prohibiting the petitioner henceforth from raising in this Court – under any legal theory – the claim that is the subject of this action, *i.e.*, his 1973 conviction for obtaining property under false pretenses. The undersigned also recommends that the Court's Order put the petitioner on notice that, if he disregards this prohibition, his complaint/ petition will be dismissed, and appropriate monetary sanctions will be imposed against him.

Petitioner's Future Litigation<br>in This Court

Notwithstanding the Supreme Court's ruling in 1989, research shows that the petitioner continued to raise frivolous matters in that Court. To date, the petitioner has brought over one hundred (100) frivolous actions in the Supreme Court.

In response to this continued abuse, the Supreme Court addressed the petitioner's bent for frivolous filings a second time in 2002, writing: "As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept ***any further petition in noncriminal matters*** from petitioner unless the docketing fees required . . . is [*sic*] paid . . . ." *McDonald v. Summers*, 537 U.S. 803 (2002)(emphasis added). As shown above, the Supreme Court expanded its prior ruling that pertained to extraordinary writs to include a blanket prohibition against the petitioner proceeding *in forma pauperis* in <u>any</u> civil matter.

Given the petitioner's history of filing frivolous or vexatious actions in this Court – fourteen cases since 1982 – the undersigned recommends that the Court follow the Supreme Court's lead. Specifically, the undersigned recommends that the Court enter an Order barring the petitioner

henceforth from proceeding *in forma pauperis* in any future civil action in this Court. Noting that the district court has broad discretion "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. North American* Co., 299 U.S. 248, 254 (1966), the undersigned recommends further that the Court's Order put the petitioner on notice that any future civil action brought in this Court will be subject to an initial frivolity review – using 28 U.S.C. § 1915 as a guide – regardless of any filing fee paid, and that if the petitioner files any future civil actions deemed on initial review to be frivolous, malicious, or that fails to state a claim, the petitioner will be subject to appropriate monetary sanctions.

### Prior Orders of the Court

The respondent claims that the petitioner was ordered to pay four thousand one hundred eighty dollars ($4,180.00) in attorney's fees in an earlier action, but that there is no record of the petitioner ever having done so. (Docket Entry No. 13, p. 4, n. 2) In researching the instant case, it was found that, in *McDonald v. Paul G. Summers, et al.*, No. 3:00-1218 (M.D. Tenn. June 26, 2001)(Campbell, J.), the Court did, in fact, order the petitioner to pay the defendants $4,180.00 in attorney fees, citing the petitioner's "history of . . . endless and frivolous litigation" as the reason for the award. *Id*. (Docket Entry No. 28).

When the Court enters an Order, it expects that Order to be obeyed. Although the Order at issue did not arise out of the instant action, the Court is not required to turn a blind eye to the respondent's claim. Therefore, in addition to the foregoing recommendations, the undersigned also recommends that the Court order the petitioner to show whether he paid the $4,180.00 that he was

7

ordered to pay in Case No. 3:00-1218, and if he has not, that he be barred from filing any civil action in this court until he shows that the full amount has been paid.[1]

## IV.  RECOMMENDATION

For the reasons stated above, the undersigned RECOMMENDS that: 1) the petitioner's motion for summary judgment (Docket Entry No. 4) be DENIED; 2) this action be DISMISSED WITH PREJUDICE; 3) the petitioner be barred henceforth from raising in this Court – under any legal theory – his 1973 conviction for obtaining property under false pretenses; 4) appropriate monetary sanctions be imposed on the petitioner if he attempts to re-litigate his 1973 conviction in this Court; 5) the petitioner be barred from proceeding *in forma pauperis* in this Court in any future civil action; 6) any future civil action brought by the petitioner in this Court be subject to an initial frivolity review, regardless of any filing fee paid; 7) appropriate monetary sanctions be imposed if the petitioner files any future civil action that is deemed on initial review to be frivolous, malicious, or that fails to state a claim on which relief may be granted; 8) the petitioner be required to show whether he paid the defendants' attorney's fees in Case No. 3:00-1218 as ordered, and if not, that he be barred from filing any civil action in this Court until he shows that the full amount has been paid.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein.  Any party opposing shall have ten (10) days from receipt of any objections filed regarding this Report within which to file a response to said objections.  Failure to file specific objections within ten (10) days of receipt of this

---

[1]  The State is, of course, free to seek to enforcement of the Order in Case No. 3:00-1218.

Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 1st day of July, 2005.

/s/
Joe B. Brown
Magistrate Judge