UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JESSIE D. MCDONALD,                    )
                                       )
            Petitioner,                )
                                       )
v.                                     )        Case No. 3:05-0243
                                       )        Trauger
PAUL G. SUMMERS,                       )
                                       )
            Respondent.                )

<u>MEMORANDUM and ORDER</u>

Presently pending before the court is the Magistrate Judge's Report and Recommendation (R&R) entered July 1, 2005 (Docket Entry No. 22), to which the petitioner filed timely objections (Docket Entry No. 23).

STANDARD OF REVIEW

Under Rule 72(b), Fed. R. Civ. P., and 28 U.S.C. § 636(b)(1), the court is required to make a *de novo* determination of the portions of the Magistrate Judge's recommendations to which objections have been made. The District Judge may accept, reject, or modify recommended decisions, receive further evidence, or recommit the matter to the Magistrate Judge with instructions.

ANALYSIS

Recommendations 1 and 2

The Magistrate Judge recommends that the petitioner's motion for summary judgment be denied, and this action dismissed with prejudice. (Docket Entry No. 22, pp. 1-4, 8) The Magistrate Judge provides two reasons for his recommendation. First, citing *United States v. Beggerly*, 524 U.S. 38, 45 (1998), the Magistrate Judge concludes that the enactment of Rule 60(b), Fed. R. Civ. P. abolished the writ of *coram nobis* in civil actions. (Docket Entry No. 22, p. 3) Second, citing several unpublished Sixth Circuit Court cases, the Magistrate Judge concludes that a writ *coram nobis* must be presented to the court that pronounced judgment. (Docket Entry No. 22, p. 4)

The petitioner offers the following arguments in opposition to these two recommendations. First, the petitioner argues that:

> [t]he magistrate judge has failed to present a genuine issue in his report that there is a genuine issue involved that require a trial or a hearing on any issue, to prevent the award of summary judgment.

(Docket Entry No. 23, p. 3) Second, the petitioner argues that:

> even under the magistrate judge's theory on Rule 60(b), Fed. R. Civ. P., [the] petitioner is still entitled to relief since this court has jurisdiction under § 40-26-105, TCA and it is the state[']s statute that authorize relief by error by writ of coram nobis.

(Docket Entry No. 23, p. 3)

The court liberally construes the petitioner's first argument to mean that the Magistrate Judge did not establish that there was no genuine issue of material fact that required a trial or a hearing on the issues before the court. The Magistrate Judge is not required to establish that there were no genuine issues of material fact. On the contrary, it is the petitioner's responsibility to establish that he is entitled to relief.

As to the petitioner's second argument, while Tenn. Code Ann. § 40-26-105 does provide relief in the form of a writ *coram nobis*, the district court does not derive its jurisdiction from Tennessee statute. Despite the petitioner claim that he has been denied access to State courts (Docket Entry No. 23, pp. 2-3), if he seeks relief under § 40-26-105, then that is where he must seek it.

The court is of the opinion that the Magistrate Judge's conclusions are correct, *i.e.*, that enactment of Rule 60(b) abolished the writ *coram nobis* in federal civil action, and that in any event, such relief lies solely with the court that entered judgment against the petitioner – in this case, the State of Tennessee. Accordingly, the recommendation that the petitioner's motion for summary

judgment be denied is ACCEPTED. For reasons that will become clear, the recommendation that this action be dismissed with prejudice is ACCEPTED as well.

Recommendation 3

The Magistrate Judge recommends barring the petitioner from re-litigating his 1973 conviction for obtaining property under false pretenses in the future under any legal theory. (Docket Entry No. 22) The recommendation is couched in terms of the doctrine of *res judicata*. The Magistrate Judge's is of the further view that, because "this issue has been litigated, and re-litigated in both state and federal courts, including the highest court in the land," the petitioner has abused the judicial process.

As to this claim being barred by *res judicata*, the petitioner argues that the doctrine "of 'res judicata' cannot attach to this case, unless this court has jurisdiction and previously rendered a judgment on the merits that involve the issue . . . ." at bar. (Docket Entry No. 23, p. 4) The petitioner argues further that he does not "challenge the judgment, but the procedure the court used to deny [him] relief in the state courts . . . ." (Docket Entry No. 23, p. 4)

With respect to the Magistrate Judge's recommendation that the petitioner be barred from raising this issue in district court, the petitioner argues that there is "nothing in the constitution either federal or state that place[s] a limitation on the number of time[s] an application can be made to any court." (Docket Entry No. 23, p. 4) The petitioner also maintains that "no court has jurisdiction to . . . discriminate against [him], by singling him out for exercising his federal protected rights to seek relief." (Docket Entry No. 23, p. 4)

The petitioner's first argument is without merit. It is clear from the petition and motion for summary judgment that, regardless of what the petitioner claims he is challenging, he ultimately seeks to have his 1973 conviction overturned, an issue that the petitioner has litigated many times

3

without success in this and other federal and state courts. The Magistrate Judge is correct that any further litigation that seeks to have the 1973 conviction overturned would be barred under the doctrine of *res judicata*, because if an alternative legal theory exists for overturning his 1973 conviction, the petitioner was required to have advanced that legal theory in his prior litigation.

As to the petitioner's argument that the court has no authority to bar him from raising this claim again, and that to do so would violate his constitutional rights, the court agrees. Although the Magistrate Judge is correct when he writes that "the district court has broad discretion 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants . . . ,'" the court cannot absolutely foreclose an individual from initiating an action in federal court. *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). However, the court may impose pre-filing restrictions on an individual with a history of repetitive or vexatious litigation. *Feathers v. Chevron U.S.A., Inc*., 141 F.3d 264, 269 (6th Cir. 1998). The petitioner's litigation history pertaining to his 1973 conviction clearly warrants such action.

Federal courts possess the inherent authority to sanction a party who acts in bad faith, vexatiously, wantonly, or for oppressive reasons. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991). This authority applies where, as here, a party files repetitive frivolous lawsuits where the issue at bar previously has been adjudicated. *See e.g., Johnson v. Johnson*, 1995 WestLaw 385142 (6th Cir. (Mich.))(warning of future sanctions against an appellant who had filed his third attempt to vacate a 1974 state court judgment). Because the petitioner clearly falls into the foregoing categories, he is forewarned that, should he attempt to bring any further actions in this court that seek to overturn his 1973 conviction, appropriate monetary sanctions will be imposed against him.

The Magistrate Judge's third recommendation is ACCEPTED as MODIFIED above.

Recommendation 4

4

The Magistrate Judge has recommended that, should the petitioner again raise the issue of his 1973 conviction in this court, he will be sanctioned. As explained *supra*, this recommendation is ACCEPTED.

Recommendation 5

The Magistrate Judge recommends that the petitioner be barred from filing any future civil litigation *in forma pauperis*. The petitioner argues that this matter is not before the court.

By bringing yet another lawsuit seeking to overturn his 1973 criminal conviction in State Court, the petitioner himself has chosen to write another episode in his twenty-plus year history of vexatious litigation in this court. In so doing, the petitioner himself has raised the issue by forcing the court to determine what to do about the petitioner's impact on scarce judicial resources, not to mention the adverse effect on parties called to respond to his claims. Such matters are always properly before the court.

In his R&R, the Magistrate Judge has quoted a 2002 Order in which the United States Supreme Court wrote the following regarding the petitioner:

> 'As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petition in non criminal matters from petitioner unless the docketing fees required . . . is [*sic*] paid . . . .'

(Docket Entry No. 22, p. 6)(emphasis in the original omitted) The Order quoted above followed a similar Order in 1989, in which the Supreme Court took the unprecedented action of barring the petitioner prospectively from filing any further writs *in forma pauperis* that pertaining to his 1973 conviction. (Docket Entry No. 22, pp. 4-5)

The court relies on the Supreme Court's actions cited above as both authority and justification to follow suit. The Magistrate Judge's recommendation to bar the petitioner from filing any future civil actions *in forma pauperis* is ACCEPTED.

5

Recommendations 6 and 7

The Magistrate Judge recommends that any future civil action brought by the petitioner, even if he pays the civil filing fee, be subject to an initial frivolity review similar to that set forth under 28 U.S.C. § 1915, and that if any complaint so filed is deemed to be frivolous, malicious, of if it fail to state a claim on which relief may be granted, that the petitioner be subject to appropriate monetary sanctions. Again, the petitioner argues that this matter is not before the court.

As explained previously, matters pertaining to abuse of process are always before the court. Thus, the petitioner's argument is without merit.

In his R&R, the Magistrate Judge notes that the petitioner has filed fourteen cases in this court since 1982. (Docket Entry No. 22, p. 6) However, the true magnitude of the petitioner's litigation history in this court has been lost during the transition from paper records to computer records. Research has uncovered a 1989 case filed by the petitioner, in which he was proceeding *pro se* and *in forma pauperis*, that was dismissed as frivolous, and the petitioner sanctioned. *Jessie D. McDonald v. Yellow Cab Metro, Inc.*, No. 3:89-0668 (M.D. Tenn., Oct . 10,1989)(Wiseman, cj.). In its Order dismissing the action as frivolous, and ordering sanctions against the petitioner, the court wrote:

> [T]his case represents a pattern and course of conduct on the part of the plaintiff. . . .
>
> The Court takes judicial notice of its own records. The Court finds that the plaintiff has filed 65 lawsuits in this Court, but has prevailed in none of them. In fact, the overwhelming majority of the cases have been disposed of as frivolous or malicious claims without any trial on the merits. . . . [T]he Court [also] notes that the plaintiff has abused the application for extraordinary writes to the United Sates Supreme Court to the point that the Supreme Court has barred him filing any further in forma pauperis petitions for extraordinary writs. . . .

6

> This man, if he were joined by others, would paralyze the judicial system of this nation. He continues to abuse the right of all citizens to guaranteed access to the courts. This most important right finds its roots in the Magna Carta's guarantee of access to the courts 'without sale, denial or delay.' This abuse must not continue.
>
> Therefore, the Court finds that sanctions are appropriate for plaintiff's violation of Rule 11 by the filing of this lawsuit. Plaintiff shall be assessed double the ordinary costs for the filing of this suit, that is two times one hundred twenty dollars, or two hundred forty dollars. Second, the Clerk shall not accept any further filings from the plaintiff, Jessie D. McDonald, until the court is personally advised that the sanctions here imposed have been paid in full. Finally, the Clerk is hereby ORDERED to assign all pleadings filed by the plaintiff to Chief Judge Thomas Wiseman, Jr., in order that his future activity before this court may be efficiently monitored.
>
> Plaintiff is hereby given notice that if the sanctions imposed by this Order do not serve to prevent his filing of frivolous pleadings in the future, then more severe sanctions may be imposed by the Court.

*Id*. (Docket Entry No. 14, pp. 2-3 (underline in the original, internal citations omitted) The Sixth Circuit affirmed the judgment of the district court, including the imposition of sanctions on McDonald, who was proceeding *in forma pauperis* in that action. *Id*. (Docket Entry No. 16).[1]

Although § 1915 is intended for plaintiffs/petitioners who bring civil actions *in forma pauperis*, the court knows of no reason why those same provisions should not be used as a basis for preventing future abuse of the judicial process by the petitioner, regardless of whether he pays the filing fee or not. The Magistrate Judge's further recommendation that the petitioner be sanctioned if his complaint is determined on initial review to be frivolous, malicious, or it fails to state a claim,

---

[1] *Jessie D. McDonald v. Yellow Cab Metro., Inc.*, No. 89-6104, 1989 WestLaw 149393 (6th Cir. (Tenn.)).

also is consistent with preventing future abuse of process.

The Magistrate Judge's recommendations pertaining to future civil actions in which the petitioner pays the filing fee is ACCEPTED.

Recommendation 8

It appears from the record that the petitioner has not paid the $4,180.00 that he was ordered by the court to pay in Case No. 3:00-1218. The Magistrate Judge recommends that the petitioner be required to show whether he paid the amount ordered, and if not, that he be barred from filing in any future civil action until he shows that the full amount has been paid. The petitioner argues that the court in Case No. 3:00-1218 abused its discretion in ordering him to pay because he was proceeding *in forma pauperis* in that action.[2]

Under 28 U.S.C. § 1915, "Proceedings *in forma pauperis*," provides that "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings . . . ." *Id.* at § (f)(1). The statute does not distinguish between parties who pay the civil filing fee, and those who proceed *in forma pauperis*. Under Rule 11 Fed. R. Civ. P., the district court also has the inherent authority to order sanctions, such as the payment of attorney fees, by motion, or on its own initiative, if the court determines that the action is brought "for any improper purpose, such as to harass . . . ." *Id.* at §§ (b)(1), (c)(1).

Notwithstanding the foregoing, awarding attorney fees against a party proceeding *in forma pauperis* is not the norm, and such an award may be made only under exceptional circumstances,

---

[2]    The petitioner cites three cases in support of his argument: *Pothier v. Rodman*, 261 U.S. 307 (1923); *Gray v. Missouri Pac. Ry. Co.*, 23 F.2d 190 (6th Cir. 1928); *United States ex rel. Randolph v. Ross*, 298 F. 64 (6th Cir. 1924). None of the cases cited pertain to sanctions or money judgments against a party proceeding *in forma pauperis*. *Pothier v. Rodman*, while it touches on the general right of a party to proceed *in forma pauperis*, the issue is the Supreme Court's lack of jurisdiction because the appellant did not appeal first to the appropriate court of appeals. *Gray* pertains to the Arkansas "look-out" statute in a diversity case arising from a train-vehicle mishap in Arkansas. In ex rel. Randolph v. Ross, the issue was whether an attorney representing a plaintiff proceeding in forma pauperis was himself required to file an oath giving security for the costs of the litigation.

8

and then only if the court concludes both that the action was subject to dismissal with the necessity of a trial, and that the claims raised therein were so insubstantial as to be unreasonable, groundless or without foundation. *See Farmer v. Marshall*, No. 86-3898, 1987 WestLaw 368838 at * 1 (6th Cir. (Ohio))(citing *Hughes v. Rowe*, 449 U.S. 5, 14-16 (1980)(*per curiam*); *Harris v Forsyth*, 742 F.2d 1277 (11th Cir. 1984); *Flint v. Haynes*, 651 F.2d 970 (4th Cir. 1981), *cert. denied*, 454 U.S. 1151 (1982). Exceptional circumstances exist when an action is "'unreasonable, without foundation, vexatious and brought in bad faith . . . .'" *Farmer*, 1987 WestLaw at * 1 (citing *Hughes*, 449 U.S. at 14-15).

In Case No. 3:00-1218, the action was dismissed (Docket Entry No. 21), following which the defendants moved for the award of reasonable attorney fees (Docket Entry No. 22), and the petitioner responded (Docket Entry No. 27). The defendants' motion for attorney fees subsequently was granted because of the petitioner's "history of . . . endless and frivolous litigation . . . ." (Docket Entry No. 28) The award of attorney fees to the defendants in Case No. 3:00-1218 was in accordance with federal statute, the law in the Sixth Circuit, and the Federal Rules of Civil Procedure.

Inasmuch as it appears from his response that the petitioner has not paid the amount previously ordered by the court, the petitioner shall, within ten (10) days of the date of entry of this Order, either show that he has paid the attorney fees ordered in Case No 3:00-1218, or show cause why he should not be held in contempt of court for not having done so. Moreover, until such time as the petitioner does one or the other, he shall be barred from bringing any future civil actions in this court.

The Magistrate Judge's eighth recommendation is ACCEPTED as MODIFIED above.

Petitioner's Motion for a Writ of *Mandamus*

9

After the R&R entered, the petitioner filed a writ of *mandamus* to "compel" the chief Justice of the Tennessee supreme court and the Clerk of the Tennessee supreme court to "follow the normal and regular procedure of considering and disposing litigations that are properly presented in accord with its requirements." (Docket Entry No. 24) The district court has no authority to issue a writ of *mandamus* directing a state court, or state judicial officers in the performance of their duties. *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970). Because the petitioner has no arguable basis in law or fact that would entitle him to a writ of *mandamus*, his motion (Docket Entry No. 24) is DENIED as frivolous within the meaning of 28 U.S.C. § 1915(e)(2). *See Neitzke v. Williams*, 490 U.S. 319 (1989).

CONCLUSION

After reviewing the record thoroughly, including the R&R and the documents filed by the petitioner in response thereto, the court is of the opinion that the Magistrate Judge's conclusions are correct, as modified herein. Accordingly, the R&R is ACCEPTED as MODIFIED, and made the findings of fact and conclusions of law of this court.

For he reasons explained above, the petitioner has failed to state a claim on which relief may be granted within the meaning of 28 U.S.C. § 1915(e)(2)(B)(ii). Therefore, an appeal from the judgment of this court would NOT be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445-46 (1962). Accordingly, the petitioner is NOT certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a).

Finally, the Clerk is DIRECTED to provide a copy of this Order to each District Judge and Magistrate Judge in the Middle District of Tennessee. The Clerk is further DIRECTED to provide a copy of this Order to the intake clerks and *pro se* staff attorneys. The Clerk is further directed to instruct the intake clerks of to forward any future actions brought by the petitioner to the *pro se* staff

10

attorneys – regardless of any filing fee paid – for initial review in accordance with this Order.

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge

11