```
               UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF TENNESSEE
                    NASHVILLE DIVISION
```

JESSIE D. McDONALD,            )
                               )
        Petitioner             )
                               )
v.                             )        No. 3:05-243
                               )        Judge Trauger/Brown
PAUL G. SUMMERS,               )
                               )
        Respondent             )

**TO: THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

The Petitioner filed a motion to vacate (Docket Entry 53) which was referred to the undersigned (Docket Entry 54). On April 27, 2011, the Magistrate Judge issued a show cause order (Docket Entry 58). The Petitioner filed a response to this order (Docket Entry 60) as well as a new motion for summary judgment (Docket Entry 61). For the reasons stated below, the Magistrate Judge recommends that both the motion to vacate and summary judgment be **DENIED** as a nullity, that the Petitioner be accessed a $1,000 sanction for continuing to file frivolous motions in this case, and that the Petitioner be barred from filing any additional cases in the Middle District of Tennessee until he has satisfied the outstanding costs and sanctions previously imposed and has the expressed consent of a District Judge to file any new pleadings.

The Magistrate Judge further recommends the District Judge consider proceeding for criminal contempt under Federal Rule of Criminal Procedure 42.

**BACKGROUND**

This case was closed on September 15, 2005 (Docket Entry 25). The Magistrate Judge's Report and Recommendation (Docket Entry 22) and the District Judge's Order adopting the recommendation as modified (Docket Entry 25) both set forth in detail the Petitioner's various litigation efforts since the 1970s concerning his 1973 conviction as well as other litigation not involving the 1973 conviction. In addition, the Magistrate Judge's order to show cause (Docket Entry 58) contained a brief summary of the Petitioner's activities in this case since then.

The Petitioner's response to the show cause order (Docket Entry 60) fails to address the majority of the show cause order. The Petitioner simply repeats arguments as to why the 1973 conviction is void. He does not address the issue of whether he has paid the sanctions imposed by Judge Wiseman, or the sanctions imposed by Judge Campbell, or by what authority he seeks to reopen a case that was dismissed by the District Court in September 2005 and where his appeal of that order was dismissed for lack of prosecution in November 2007. Instead, the Petitioner has simply filed another frivolous motion for summary judgment (Docket Entry 61) in this closed case.

Judge Trauger's order dismissing this case with prejudice clearly stated the reasons that the petitioner's efforts to set aside his 1973 conviction were futile. He was specifically "forewarned that, should he attempt to bring any further actions in this court that seek to overturn his 1973 conviction, appropriate monetary sanctions will be imposed against him." (Docket Entry 25, page 4)

Despite this warning the petitioner continued to file pleadings in this closed case. Judge Trauger's subsequent order of March 16, 2007 (Docket Entry 37 pages 1-2) was quite clear about the petitioners continued filings in this case.

> As a frequent litigator well known to this court, the petitioner is fully aware that this action has been dismissed with prejudice and, because of his long history of litigating in the federal courts, he is credited with knowing what "dismissal with prejudice" means. (Docket Entry No. 25) In other words, inasmuch as the petitioner has brought literally hundreds of frivolous actions in the federal courts, he is credited with knowing that, because this case has been dismissed with prejudice, he may file a notice of appeal or an appropriate post-judgment motion – but nothing else.
>
> The petitioner is on notice that the court's patience is not without limit. More particularly, the petitioner is forewarned that, should he continue to disregard the court's Order dismissing this case by filing further vexatious and frivolous documents intended merely to harass the court, criminal contempt sanctions will be considered.

3

The latest motions in this case by the Petitioner (Docket Entries 53 and 61) are in clear violation of that order - they are frivolous, vexatious, and a total waste of the Court's time. Unfortunately, it appears that monetary sanctions previously imposed in other cases went unheeded. At some point this frivolous litigation by the Petitioner must cease.

The Magistrate Judge recommends:

(1) The Petitioner be assessed a $1,000 sanction for continuing to file frivolous pleadings in violation of Rule 11 and this courts order in this matter. Judge Wiseman issued a similar sanction in the case of *McDonald v. Yellow Cab Metro,* 3:89-cv-668 where he assessed the petitioner $240.00 dollars - twice the filing fee in that case of $120.00 dollars. Since that was not sufficient an amount of four times the current filing fee is recommended.

(2) The Petitioner be barred from filing any further litigation in this Court until all outstanding sanctions in this and other cases are paid; and that any future cases filed by the Petitioner in this District not be accepted for filing absent a specific order by a District Judge allowing such a filing.

(3) In addition, because the Petitioner appears to disregard the orders of the Court, previous sanctions and has continued to file frivolous pleadings in this matter, that the Court set a criminal contempt hearing under the provisions of 18 U.S.C. § 401

for "disobedience or resistance to its lawful writ, process, order, rule, decree or command" in accordance with Rule 42 of the Federal Rules of Criminal Procedure.

The Magistrate Judge makes this final recommendation with some reluctance as the criminal contempt procedure will unfortunately consume more of the Court's time and efforts as well as, in all likelihood, necessitate the services of an Assistant United States Attorney to prosecute the matter. *See U.S. v. Bibbins*, 113 F.Supp.2d 1194 (E.D. Tenn. 2000). Unfortunately sanctions and warnings so far have been totally ineffective.

Regardless of the Court's acceptance of any or all of the sanction part of this Recommendation, the motions to vacate and for summary judgment (Docket Entries 53 and 61) should be **TERMINATED** as frivolous and this case should remain **CLOSED**. It is far too late for the Petitioner to file anything else in this case. The Court's previous order dismissing this case was and is final. *See* Rule 60.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the Petitioner be assessed a sum of $1,000 for filing frivolous pleadings in this matter in violation of Rule 11 and the courts previous orders; that Petitioner be prohibited from filing any new lawsuits in this Court until this sanction and all previous sanctions have been fully complied with and a District Judge has reviewed any new pleadings and authorized its filing;

that the Court consider issuing a show cause order under Rule 42 of the Federal Rules of Criminal Procedure for the Petitioner to show cause why he should not be held in criminal contempt for violation of the Court's order (Docket Entry 37); and that the motions to vacate and for summary judgment (Docket Entries 53 and 61) be **DENIED** as frivolous and this case remain **CLOSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days**, from receipt of any objections filed in this Report, in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 12th day of May, 2011.

/S/ Joe B. Brown
_____
JOE B. BROWN
United States Magistrate Judge