# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **JESSIE D. MCDONALD,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:05-0243 |
| | ) | Judge Trauger |
| **PAUL G. SUMMERS,** | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Presently pending before the court is the Magistrate Judge's Report and Recommendation (R&R) entered on May 12, 2011 (Docket No. 62), to which the petitioner filed timely objections (Docket No. 65).

## STANDARD OF REVIEW

Under Rule 72(b), Fed. R. Civ. P., and 28 U.S.C. § 636(b)(1), the court is required to make a *de novo* determination of the portions of the Magistrate Judge's recommendations to which objections have been made. The District Judge may accept, reject, or modify recommended decisions, receive further evidence, or recommit the matter to the Magistrate Judge with instructions.

## ANALYSIS

### Recommendation 1

The Magistrate Judge recommends that the petitioner's motions to vacate (Docket No. 53) and for summary judgment (Docket No. 61) should be denied as frivolous, and that this case should remain closed. (Docket No. 62 at pp. 1, 5).

In support of this recommendation, the Magistrate Judge cites the petitioner's various litigation efforts since the 1970s concerning his 1973 conviction as well as other litigation not involving the 1973 conviction. (*Id.* at p. 2)(citing Docket Nos. 22, 25, 58). The court agrees with the Magistrate Judge that the petitioner's most recent submissions to the court (Docket Nos. 53 and

61) are more of the same. (*Id.* at p.2). That is to say, the petitioner continues to file frivolous motions in a closed case, despite the court's clear instructions to the contrary.

In opposition to this recommendation, the petitioner outlines yet again the reasons why he believes his 1973 conviction should be overturned. (Docket No. 65). The petitioner, however, is well aware that his continued efforts to set aside his 1973 conviction are futile. The court's order of March 16, 2007 – issued many years and court orders ago – specifically held: "[i]nasmuch as the petitioner has brought literally hundreds of frivolous actions in the federal courts, he is credited with knowing that, because this case has been dismissed with prejudice, he may file a notice of appeal or an appropriate post-judgment motion – but nothing else." (Docket No. 37 at pp. 1-2). Lest there was any ambiguity, the court's order of April 27, 2011 clearly stated: "[A]t some point the Petitioner must accept the fact that his 1973 conviction is final insofar as the courts go." (Docket No. 58 at p. 3). That order goes on to state: "His [the petitioner's] conviction, as far as the courts are concerned is FINAL." (Docket No. 58 at p. 4).

As the Magistrate Judge points out, the petitioner's latest motions (Docket Nos. 53 and 61) are in clear violation of the court's prior order. The court agrees that these motions are frivolous and vexatious. Accordingly, the recommendation that the petitioner's motions to vacate (Docket No. 53) and for summary judgment (Docket No. 61) be denied as frivolous is **ACCEPTED**.

### Recommendation 2

Next, the Magistrate Judge recommends that the petitioner be assessed a $1,000 sanction for continuing to file frivolous pleadings in violation of Rule 11 and this court's orders in this matter. (Docket No. 62 at p. 4).

As noted by the Magistrate Judge, the petitioner has a lengthy litigation history in this court and in other courts. (*Id.* at pp. 2-4). He has been specifically admonished by this court that, "should

he attempt to bring any further actions in this court that seek to overturn his 1973 conviction, appropriate monetary sanctions will be imposed against him." (Docket No. 25 at p. 4)(emphasis added). In addition, as noted by the Magistrate Judge, the petitioner previously has been issued a similar sanction in another case in this district. (*Id.*) Judge Wiseman, who imposed those sanctions, warned the petitioner that "if the sanctions imposed by this Order do not serve to prevent his filing of frivolous pleadings in the future, then more severe sanctions may be imposed by the Court." *McDonald v. Yellow Cab*, No. 3:89-cv-688 (M.D. Tenn. 1989)(Docket No. 14 at pp. 2-3). In finding that amount ($240.00) was not sufficient to deter the petitioner from filing further vexatious motions, the Magistrate Judge now recommends the imposition of "an amount four times the current filing fee . . . ." as a sanction. (Docket No. 62 at p.4).

In his objections to the Magistrate Judge's recommendation, the petitioner argues that Judge Wiseman lacked jurisdiction to impose sanctions against the petitioner in *McDonald v. Yellow Cab*, No. 3:89-cv-688. (Docket No. 65 at p. 1). The petitioner also argues that, in imposing sanctions against the petitioner, Judge Wiseman acted with bias and prejudice. (*Id.* at p.2). Finally, the petitioner claims that he "simply did not know whether to pay the clerk or the attorney of record and neither attempted any further communications on the matter." (*Id.*)

The court finds that the petitioner's arguments are without merit.[1] It is well established that

---

[1] In its Order dismissing the action as frivolous and ordering sanctions against the petitioner, Judge Wiseman wrote:
> [T]his case represents a pattern and course of conduct on the part of the plaintiff. . . .
>
> The Court takes judicial notice of its own records. The Court finds that the plaintiff has filed 65 lawsuits in this Court, but has prevailed in none of them. In fact, the overwhelming majority of the cases have been disposed of as frivolous or malicious claims without any trial on the merits. . . . [T]he Court [also] notes that the plaintiff has abused the application for extraordinary writs to the United Sates Supreme Court to the point that the Supreme Court has barred him filing any further in forma pauperis

3

federal courts have inherent powers to impose appropriate sanctions to deter future frivolous lawsuits and/or relitigation of the same lawsuit and frivolous and vexatious litigation. *See Johnson v. Johnson,* 2006 WL 1429673, No. 1:90-CV-175 (W.D. Mich. May 23, 2006)(citing *Cauthon v. Rogers*, 116 F.3d 1334, 1337 (10th Cir.1997); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480, at * 3 (6th Cir. Mar. 15, 1995); *accord Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir.1998); *Telechron, Inc. v. Intergraph Corp.*, No. 95-1039, 1996 WL 370136, at * 2 (6th Cir. July 2, 1996)). " '[O]ne acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Bradley v. Wallrad*, No. 1:06 cv 246, 2006 WL 1133220, at *1 n.2 (S.D. Ohio Apr. 27, 2006) (quoting *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988)); *see Moore v. Hillman*, Nos.

> petitions for extraordinary writs. . . .
>
> This man, if he were joined by others, would paralyze the judicial system of this nation. He continues to abuse the right of all citizens to guaranteed access to the courts. This most important right finds its roots in the Magna Carta's guarantee of access to the courts 'without sale, denial or delay.' This abuse must not continue.
>
> Therefore, the Court finds that sanctions are appropriate for plaintiff's violation of Rule 11 by the filing of this lawsuit. Plaintiff shall be assessed double the ordinary costs for the filing of this suit, that is two times one hundred twenty dollars, or two hundred forty dollars. Second, the Clerk shall not accept any further filings from the plaintiff, Jessie D. McDonald, until the court is personally advised that the sanctions here imposed have been paid in full. Finally, the Clerk is hereby ORDERED to assign all pleadings filed by the plaintiff to Chief Judge Thomas Wiseman, Jr., in order that his future activity before this court may be efficiently monitored.
>
> Plaintiff is hereby given notice that if the sanctions imposed by this Order do not serve to prevent his filing of frivolous pleadings in the future, then more severe sanctions may be imposed by the Court.

*Jessie D. McDonald v. Yellow Cab Metro, Inc.*, No. 3:89-0668 (M.D. Tenn. Oct. 10,1989)(Docket No. 14 at pp. 2-3) (underline in the original, internal citations omitted).

4:06-cv-43, 4:06-cv-45, 2006 WL 1313880, at *4 (W.D. Mich. May 12, 2006).

Because the instant petitioner has continued to plague this court for decades with frivolous and vexatious litigation and has been warned on multiple occasions by at least two District Judges that additional, more severe sanctions would be imposed if the petitioner persisted in his efforts, the Magistrate Judge's second recommendation is **ACCEPTED**. The petitioner is hereby **ASSESSED** a $1,000 sanction for continuing to file frivolous pleadings in violation of Rule 11 and this court's prior orders in this matter.

**Recommendation 3**

The Magistrate Judge also recommends that the petitioner "be barred from filing any further litigation in this court until all outstanding sanctions in this and other cases are paid; and that any future cases filed by the petitioner in this District not be accepted for filing absent a specific order by a District Judge allowing such a filing." (Docket No. 62 at p. 4).

It is clear that this court has not only the authority but the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. *Rickels v. Cupp*, No. 3:07 CV 1987, 2007 WL 2344761, at *3 (N.D. Ohio Aug. 14, 2007)(citing *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir.1986)). To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. *See e.g., Rickels,* 2007 Wl 2344761; *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir.1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar.15, 1995) (authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a) (citations omitted)). Indeed, in 2002, the United States Supreme Court said of the instant petitioner:

> 'As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further

5

> petition in non criminal matters from petitioner unless
> the docketing fees required . . . is [*sic*] paid . . . .'

(Docket No. 22 at p. 6)(emphasis in the original omitted). The Order quoted above followed a similar Order in 1989, in which the Supreme Court took the unprecedented action of barring the petitioner prospectively from filing any further writs *in forma pauperis* that pertain to his 1973 conviction. (Docket No. 22 at pp. 4-5).

Without doubt, Mr. McDonald has established a pattern of filing submissions that are patently frivolous and vexatious. Furthermore, it is apparent that, unless he is enjoined, he will continue to file repetitive frivolous actions in our court in an attempt to overturn his 1973 conviction. Accordingly, the Magistrate Judge's recommendation (1) to bar the petitioner from filing any future civil actions in this court until all outstanding sanctions in this and other cases are paid and (2) that any future cases filed by the petitioner in this District not be accepted for filing absent a specific order by a District Judge allowing such a filing is **ACCEPTED**.

### Recommendation 4

Finally, the Magistrate Judge recommends that the court set a criminal contempt hearing under the provisions of 18 U.S.C. § 401 for "disobedience or resistance to its lawful writ, process, order, rule, decree or command" in accordance with Rule 42 of the Federal Rules of Criminal Procedure. (Docket No. 62 at pp. 4-5). The Magistrate Judge acknowledges that he makes this recommendation "with some reluctance as the criminal contempt procedure will unfortunately consume more of the Court's time and efforts as well as, in all likelihood, necessitate the services of an Assistant United States Attorney to prosecute the matter." (*Id.* at p. 5). Even so, the Magistrate Judge states that he believes such a recommendation is warranted because "sanctions and warnings so far have been totally ineffective." (*Id.*)

It is well within the court's authority to schedule such a hearing. The court further finds that a contempt hearing is appropriate under the circumstances outlined herein and in the court's prior orders in this case. However, the court also agrees with the Magistrate Judge that the criminal contempt procedure would consume even more of the court's scarce time and resources. Therefore, and **only** because of the strain on the court's time and resources, the court will not set a criminal contempt hearing at this time. **However, to be clear, should the petitioner fail to comply with the court's prior orders regarding the filing of frivolous and vexatious litigation and/or fail to submit the imposed sanction of $1,000, the court <u>will</u> schedule a criminal contempt hearing, post haste.**

The Magistrate Judge's fourth recommendation is **ACCEPTED** as **MODIFIED** above.

## CONCLUSION

After reviewing the record thoroughly, including the R&R and the documents filed by the petitioner in response thereto, the court is of the opinion that the Magistrate Judge's conclusions are correct, as modified herein. Accordingly, the R&R is **ACCEPTED** as **MODIFIED**, and made the findings of fact and conclusions of law of this court.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision would not be taken in good faith.

Finally, the Clerk is **DIRECTED** to provide a copy of this order to each District Judge and Magistrate Judge in the Middle District of Tennessee. The Clerk is further **DIRECTED** to provide a copy of this Order to the intake clerks and *pro se* staff attorneys. The Clerk is further **DIRECTED** to instruct the intake clerks to forward any future actions brought by the petitioner to the *pro se* staff attorneys – regardless of any filing fee paid – for initial review in accordance with this order.

7

It is so **ORDERED**.

											_____
											Aleta A. Trauger
											United States District Judge